FILED
United States Court of Appeals
Tenth Circuit

March 3, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OSCAR LUIS CHACON,

    Defendant - Appellant.

No. 15-2139
(D.C. No. 2:92-CR-00038-RB-2)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

In 1992, Oscar Luis Chacon was convicted by a jury of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 & 846. The Presentence Investigation Report (PSR) stated that Mr. Chacon's offense conduct involved 1,156.1 kilograms of cocaine, which placed him in a base offense level of 40 under the Drug Quantity Table in the then-applicable United States Sentencing Guidelines. U.S.S.G § 2D1.1(c) (1988). The PSR also recommended a two-level enhancement for Mr. Chacon's role in the offense, and

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

another two-level enhancement for his obstruction of justice. This resulted in an adjusted offense level of 44 and a Guideline sentencing range of life. *Id.* The district court adopted the PSR recommendations and sentenced Mr. Chacon to life in prison on September 30, 1992.

On August 12, 1996, Mr. Chacon filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of his sentence based on Amendment 505 of the Sentencing Guidelines. Amendment 505 modified the Drug Quantity Table under § 2D1.1 and established a lower offense level than that applicable when Mr. Chacon was initially sentenced. *See* U.S.S.G § 2D1.1(c) (Drug Quantity table) (1996). Specifically, under Amendment 505, an offense quantity of 150 kilograms or greater would result in a base offense level of 38. *Id.* Thus, at an offense quantity of 1,156.1 kilograms, Mr. Chacon's base offense level would be 38, rather than the base offense level of 40 imposed under the Drug Quantity Table applicable at his initial sentencing. *Id.* When combined with the two-level enhancement for his role in the offense and the two-level enhancement for obstruction of justice, this would result in an adjusted offense level of 42, rather than the adjusted offense level of 44 used at his 1992 sentencing.

The district court agreed that Amendment 505 should be applied retroactively to Mr. Chacon. It therefore granted Mr. Chacon's motion on December 24, 1996, and reduced his sentence from life to 360 months.

On November 14, 2014, Mr. Chacon filed a new motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 782 to § 2D1.1, which

2

further lowered the base levels for certain quantities in the Drug Quantity Table. U.S.S.G. § 2D1.1(c) (Drug Quantity Table) (2014). The district court denied the motion because Mr. Chacon's offense level would remain the same under the newly amended Guidelines. In particular, the newly revised Drug Quantity Table provided that 450 kilograms or more of cocaine would result in a base offense level of 38. *Id.* Because Mr. Chacon's offense quantity of 1,156.1 kilograms of cocaine is greater than 450 kilograms, his base offense level would remain at 38 under Amendment 782. And when combined with his enhancements, Mr. Chacon's adjusted base level would be 42 under Amendment 782—the same adjusted offense level used by the district court to modify his sentence in 1996. Thus, the district court concluded that even if Amendment 782 were applied retroactively to Mr. Chacon, it would not affect his sentence.

Mr. Chacon filed a timely appeal from the district court's denial of his latest motion for a reduction in his sentence. But Mr. Chacon's attorney has filed a brief with this Court under the guidance of *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court held that a defense lawyer may seek permission to withdraw from an appeal if, "after a conscientious examination" of the case, she finds the appeal to be "wholly frivolous." *Id.* at 744. Any request to withdraw, however, must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* And the attorney must also furnish a copy of the *Anders* brief to the client, so that he can "raise any points that he chooses." *Id.* If the court, after a "full examination of all the proceedings," concludes that the appeal is,

3

in fact, wholly frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Counsel for Mr. Chacon has complied with these procedures here. Counsel filed an *Anders* brief with this Court explaining that after "a thorough review of the file and records in this case," she found the appeal to be without merit. Accordingly, she requested permission to withdraw but noted "she will continue to assist Mr. Chacon in his efforts to receive a grant of clemency." And although Mr. Chacon has been afforded an opportunity to raise any points he considers non-frivolous, he has not done so.

After conducting our own review of the record, we agree that Mr. Chacon has no meritorious grounds for appeal. For the reason explained above, Amendment 782 to the Sentencing Guidelines does not provide any support for a further reduction in Mr. Chacon's sentence.

The motion to withdraw is granted and this appeal is dismissed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge